The document below is hereby signed.

Signed: August 05, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARIA KATHERINE STEVENSON | ) | Case No. 09-00510 |
| MASON, | ) | (Chapter 13) |
| | ) | **For Publication in West's** |
| Debtor. | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION RE DENYING EXEMPTION UNDER 11 U.S.C.
§ 109(h)(3) AND DISMISSING CASE BASED ON 11 U.S.C. § 109(h)(1)

The debtor Mason requests an exemption under section 109(h)(3) of the Bankruptcy Code (11 U.S.C.) from the requirement of 11 U.S.C. § 109(h)(1) to obtain prepetition:

> an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Mason does not contend (as is required by § 109(h)(3)(A)(ii) for an exemption to be available) that she was unable to obtain a briefing of the specified type within five days of her requesting credit counseling services. Instead, she contends that she could not obtain such a briefing *prepetition* within five days after making the request because she was forced to file her petition fewer than five days after making the request in order to stay a

foreclosure sale.  She relies on *In re Giambrone*, 365 B.R. 386 (Bankr. W.D.N.Y. 2007), in contending that this satisfied the statute.  Finding the reasoning of *In re Giambrone* in this regard to be unpersuasive, I conclude that the debtor is barred from obtaining an exemption under § 109(h)(3).  Accordingly, this case must be dismissed.

                                    I

Section 109(h)(1) provides that, generally, an individual debtor is ineligible to be a debtor in a bankruptcy case if the debtor has not obtained a certain type of briefing. Specifically, § 109(h)(1) provides, with exceptions of which only § 109(h)(3) is of relevance here, that an individual may not be a debtor under the Bankruptcy Code:

> unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing  (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Mason concedes that she did not obtain the required briefing prepetition, but asserts that the court should relieve her of that requirement pursuant to 11 U.S.C. § 109(h)(3), which provides:

> (A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--

>       (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
>       (ii) **states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request**; and
>
>       (iii) is satisfactory to the court.

[Emphasis added.]

Section 109(h)(1) provides both (1) a very lengthy and specific description of the type of services, a specified type of briefing, that an individual debtor must obtain from an approved agency and (2) a specific prepetition time-frame within which that briefing must be obtained in order to satisfy the requirements of § 109(h)(1).  In turn, § 109(h)(3)(A)(ii) imposes as a requirement for a § 109(h)(3) exemption that the debtor have been unable to obtain "the services referred to in paragraph (1)" within a specified five-day period.  To describe the services in question, Congress commendably elected in § 109(h)(3)(A)(ii) to refer to the "services referred to in paragraph (1) [*i.e.*, § 109(h)(1)]" rather than repeating verbatim the specific type of briefing that § 109(h)(1) requires.  The reference in § 109(h)(3)(A) to "services referred to in paragraph (1)" is not to just any services provided by a credit counseling agency but, specifically, is a reference to a briefing of the character

3

specified in § 109(h)(3)(A).

                                II

Facing an imminent foreclosure sale of her home, Mason retained her attorney on Friday, June 12, 2009, to file the case. Her attorney immediately put her in touch with a credit counseling agency, but she was unable to complete the required briefing by the close of business on June 12.  Mason told her attorney that she would complete the course on Monday, June 15, 2009, but the foreclosure sale of her home was scheduled to be held on that Monday at 10:35 a.m.  As explained by Mason, the foreclosure sale's being set early for the morning of Monday, June 15, 2009, made the filing of the petition an emergency situation as there was no guarantee that Mason could complete a § 109(h)(1) briefing prior to the foreclosure sale.  Accordingly, without having obtained such a briefing, she proceeded to file her petition on the afternoon of Saturday, June 13, 2009, thereby causing an automatic stay to arise under 11 U.S.C. § 362(a) that stayed the foreclosure sale.  She obtained a briefing of the character required by § 109(h)(1) nine days later, on June 22, 2009.

The chapter 13 trustee has moved to dismiss the case based on ineligibility under § 109(h)(1).  The debtor has responded by filing a motion seeking an exemption under § 109(h)(3).

III

Mason contends that she could not obtain *prepetition* the services referred to in § 109(h)(1) within five days after making her request because she was forced to file her petition fewer than five days after making her request in order to stay a foreclosure sale.  In light of these circumstances, Mason contends that she has satisfied the requirement of § 109(h)(3)(A)(ii) to qualify for exemption.  Mason points to *In re Giambrone*, 365 B.R. 386, 391 (Bankr. W.D.N.Y. 2007), in which the court stated that the test is "not whether the agency can provide a counseling session within five days, but whether in the context of their circumstances, the debtors can complete within five days the counseling that must otherwise occur prior to that exigent moment when a bankruptcy filing is necessary."  The court in *In re Giambrone*, 365 B.R. at 391, noted that § 109(h)(3)(A)(ii) requires that the debtor have been unable "to obtain the services referred to in paragraph (1) during the 5-day period," and noted, in turn, that the services referred to in the cited paragraph, § 109(h)(1), is a briefing "during the 180-day period preceding the date of filing of the petition . . . ."  From this, the *Giambrone* court reasoned that under § 109(h)(3)(A)(ii), the debtor is only required to show that she requested credit counseling services prepetition, and that she was unable to obtain *prepetition* a § 109(h)(1) briefing within

5

five days of making her request, because exigent circumstances forced her to file her petition before the expiration of five days.

### IV

The reasoning of *In re Giambrone* violates well-established rules of statutory interpretation. As stated in *United States v. Wilson*, 290 F.3d 347, 352-53 (D.C. Cir. 2002):

> We begin our analysis with the language of the statute. *See, e.g., Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 122 S.Ct. 941, 950, 151 L.Ed.2d 908 (2002). "Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)). In determining the "plainness or ambiguity of statutory language" we refer to "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341, 117 S.Ct. at 846 (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477, 112 S.Ct. 2589, 2595, 120 L.Ed.2d 379 (1992); *McCarthy v. Bronson*, 500 U.S. 136, 139, 111 S.Ct. 1737, 1740, 114 L.Ed.2d 194 (1991)).

Under that approach, *In re Giambrone* erred in treating the requirement of an inability "to obtain the services referred to in paragraph (1) [*i.e.*, § 109(h)(1)]" as a reference to not only a briefing of the character required by § 109(h)(1), but also to the requirement in § 109(h)(1) that the services be obtained

prepetition.[1]  First, that conclusion of the *Giambrone* court is at odds with the plain and unambiguous language of the statute when viewed in the context of the statute as a whole, and, second, that conclusion is inconsistent with another provision in the statute.  Nor is the conclusion justified by a disparity perceived by the *Giambrone* court in the treatment of similarly situated debtors.

A.

The language of the statute is plain and unambiguous.  The requirement of § 109(h)(3)(A)(ii) that the debtor be unable to obtain credit counseling during the specified five-day period and the exigency requirement of § 109(h)(3)(A)(i) are separate and independent requirements.  The requirement in § 109(h)(3)(A)(ii) of an inability "to obtain the services referred to in paragraph (1) [*i.e.*, § 109(h)(1)]" is not tied in any way to the exigent circumstances that prompted the filing.  Both requirements must be met, and the existence of an exigency does not relieve a debtor from the requirement of showing that he was unable to obtain the required briefing for the specified five-day period. "Congress chose not to link the availability of credit counseling to the event which might require the Debtor to file, but rather to the date of the debtor's request for credit counseling." *In*

---

[1]  It is obvious, however, that the required request for services must have been made prepetition, as eligibility is tested as of the date of the filing of the case.

*re Talib*, 335 B.R. 424, 427 (Bankr. W.D. Mo. 2005).  Accordingly, if an imminent foreclosure sale, of which a debtor had notice well in advance, is an exigent circumstance (an issue as to which courts disagree), the filing of a petition under chapter 13 of the Bankruptcy Code prompted by that exigency cannot alter the five-day requirement.  Congress, it may be inferred, expected some modicum of diligence on the part of individual debtors, and contemplated that even in exigent circumstances, an individual ought not file a bankruptcy case without first obtaining the services referred to in § 109(h)(1) if the required briefing was available within the five-day period commencing on the date of requesting credit counseling.

Moreover, the requirement in § 109(h)(3)(A)(ii) of an inability "to obtain the services referred to in paragraph (1)" refers only to the "services referred to in paragraph (1)," not to the requirement in paragraph (1), which is not a "service," that the specified services be obtained prepetition.  All that Congress was attempting to do by referring to the "services referred to in paragraph (1)" was to be concise and to avoid having to repeat verbatim:

> an individual or group briefing  (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Viewing the reference in that commonsense fashion makes plain

that it does not also refer to the requirement (which, after all, is not a "service") that the specified services be obtained prepetition.

Without changing the meaning of § 109(h)(3)(A)(ii), Congress could have written § 109(h)(1) to bar filing:

> unless such individual has during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing  (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis, **but not if the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in this paragraph (1) during the 5-day period beginning on the date on which the debtor made that request, and otherwise qualifies for an exemption under paragraph (3).**

When one reads the exemption language of § 109(h)(3)(A)(ii) in conjunction with the text of § 109(h) in this fashion, it is plain that the five-day period specified in § 109(h)(3)(A)(ii) does not become less than a five-day period when the debtor files, based on exigent circumstances, before the end of the five-day period.  The clause providing for an exemption in the case of a five-day period of unavailability of "services referred to in this paragraph (1)" does not refer to the requirement that the services be obtained prepetition, and would not provide for a shortening of the five-day period when imminent exigent circumstances prompt an early filing.

9

B.

Even if § 109(h)(3)(A)(ii) were ambiguous, which it is not, an examination of a companion provision demonstrates that the provision must be construed as only referring to the specific services referred to in § 109(h)(1) and not the requirement that the services be obtained prepetition.  Section 109(h)(3)(B) provides that an exemption under § 109(h)(3)(A) "shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1) . . . ."  That provision is necessarily referring to the *postpetition* date on which such debtor obtains the required services, because it applies exclusively to debtors who were granted an exemption after failing to obtain the required briefing *prepetition*. Accordingly, when the statute makes reference in § 109(h)(3)(B) to "the requirements of paragraph (1)," it is not referring to the requirement that the briefing mandated by § 109(h)(1) be obtained *prepetition*, but only to the requirement that the debtor obtain such a briefing.

In comparison, § 109(h)(3)(A)(ii) makes reference to an inability "to obtain the services referred to in paragraph (1)," not to an inability "to meet the requirements of paragraph (1)." Even if the reference in § 109(h)(3)(A)(ii) to "services referred to in paragraph (1)" could be read as a reference to "the requirements of paragraph (1)," § 109(h)(3)(A)(ii) would be

10

interpreted as referring to only the requirement of obtaining the required briefing, not the requirement of obtaining the required briefing *prepetition*.

This follows because a statutory provision must be read in light of companion provisions. *See Williams v. Taylor*, 529 U.S. 420, 435-36 (2000); *Gutierrez v. Ada,* 528 U.S. 250, 255 (2000) ("[W]ords and people are known by their companions."); *United States v. Locke*, 529 U.S. 89, 105 (2000). If § 109(h)(3)(A)(ii) is read as requiring an inability to meet "the requirements of paragraph (1)," that reference to the requirements of § 109(h)(1), like the reference in § 109(h)(3)(B) to meeting the requirements of § 109(h)(1), must be read as referring only to the obtaining of the services, not to the requirement that the services be obtained *prepetition*, for there is a strong presumption that "identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (quotation omitted).

Section 109(h)(3)(A)(ii) imposes a clear requirement of five days of unavailability of the briefing specified by § 109(h)(1), and the requirement does not vary depending on when exigent circumstances cause a debtor to file his petition. In other words, § 109(h)(3)(A)(ii) "focuses on the debtor's ability to obtain the required credit counseling within the period measured from the date of her request; it does not exempt her from the

11

requirement merely because she was unable to obtain the counseling prior to the scheduled date of the foreclosure sale." *In re Talib*, 335 B.R. at 428.

C.

The court in *In re Giambrone* reasoned that the imposition of a five-day waiting period would "unfairly impose different outcomes in situations of identical exigency." *In re Giambrone*, 365 B.R. at 391. But Congress intended that debtors not file bankruptcy unless the debtor was unable to obtain a briefing of the type described in § 109(h)(1) for at least five days commencing on the date of requesting credit counseling services, and the "unfairness" perceived by the *Giambrone* court does not justify giving the statute a contrary interpretation that disregards the statute's plain language and structure. The result is not changed by the fact that Congress may have failed to recognize that the unfairness described in *In re Giambrone*

might arise.[2]  "The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning." *Union Bank v. Wolas*, 502 U.S. 151, 158 (1991) (citation omitted).  Or, stated another way, "the fact that a statute can be applied in situations not expressly anticipated by Congress does not demonstrate ambiguity.  It demonstrates breadth." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 689 (2001) (internal quotation marks and citation omitted).  *See also Consumer Elecs. Ass'n v. FCC*, 347

---

[2]  In those courts that hold that, in order to qualify for an exemption under § 109(h)(3)(A), the debtor must wait until five days after requesting the required briefing before filing a petition, there is no disparity in the treatment of debtors who request the required briefing fewer than five days before filing their cases: all such debtors are deemed ineligible for the exemption.  But some courts view the statute as not imposing a five-day waiting period after making the request; instead, those courts permit the filing of a petition prior to the expiration of the five-day waiting period if the debtor in question is told that the briefing will not be available until after the five-day period. *See In re DiPinto*, 336 B.R. 693, 700 (Bankr. E.D. Pa. 2006).  In those courts, a debtor who requests the required briefing fewer than five days prior to the date of a foreclosure sale may luck out, to wit, he may be told that the required briefing is unavailable during the five-day period beginning on the date of making his request, and in that case, he would be eligible to file his petition before the foreclosure sale and without the necessity of a five-day delay.  Another debtor might not be so lucky because the required briefing *is* available within the five-day period, but not prior to the foreclosure sale.  Whether Congress failed to recognize that some courts might interpret § 109(h)(3)(A) as not conditioning eligibility on a five-day waiting period following a request for a § 109(h)(1) briefing, or whether it recognized that the statute could be interpreted that way and was indifferent to there being any such disparate treatment, either way, any perceived "unfairness" in this disparate treatment of debtors does not justify a judicial re-writing of the statute.

F.3d 291, 298 (D.C. Cir. 2003).

D.

Mason's inability to obtain the required briefing until after the scheduled foreclosure sale does not change the fact that it was available to her in three days, which was within the five-day period specified by § 109(h)(3)(A)(ii).  Because she did not satisfy the requirement of § 109(h)(3)(A)(ii), Mason is not entitled to an exemption under § 109(h)(3)(A) from the general eligibility requirement of § 109(h)(1) that she obtain prepetition the required briefing, and, accordingly, the case must be dismissed.

V

This court has previously imposed sanctions under Fed. R. Bankr. P. 9011 on an attorney for filing a case on behalf of a debtor in almost identical circumstances to those of this case.  Nevertheless, because this court had not previously addressed the reasoning of *In re Giambrone*, and Mason's counsel treated the filing of the petition as warranted by that decision, he met the requirement of Fed. R. Bankr. P. 9011(b)(2) that the petition's treating Mason as eligible to file a case under the Bankruptcy Code was "warranted by existing law, or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  But as this decision now demonstrates, the decision in *In re Giambrone* is at odds with

14

rules of statutory interpretation.  Moreover, one can only assume that had the *Giambrone* court taken into account the significance of the companion provision, § 109(h)(3)(B), on the proper interpretation of § 109(h)(3)(A)(ii), it would have reached a different conclusion.  When a debtor in a future case in this district could obtain the required briefing within five days after making his request for credit counseling but nevertheless files his petition, in whatever circumstances, prior to obtaining the required briefing, and attempts to justify the failure to comply with § 109(h)(1) by invoking § 109(h)(3) and *In re Giambrone*, the reliance on that decision will no longer furnish a basis for treating the petition as complying with Rule 9011.  In other words, the deficient reasoning of *In re Giambrone* will not be a perpetual pass for attorneys and prospective debtors to disregard the plain and unambiguous language of § 109(h)(3)(A)(ii).

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.